Migdalia López Gómez, recurrida, *v.* José A. González Hernández como Presidente de la Asamblea de Delegados de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA), Mirthia Cruz Cabrera como Vicepresidenta de la Asamblea de Delegados de AEELA, Gladys G. Rosario Otero como Secretaria de la Asamblea de Delegados de AEELA, Félix Morales Alverio como Macero de la Asamblea de Delegados de, Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA), Edwin Montañez Morales, Gilberto Roldán Benítez, Zoraya Martínez Ramos, Luis Vélez Arroyo, Magna Pérez Vallés, Luis A. De Jesús Rivera, Maira González Hidalgo, Awilda Marrero González, María D. Ruiz Cintrón, Wanda Aponte Rosado, Gloria Pagán Reyes, Áurea E. Rivera Colón, Nicomedes Morales Morales, Benjamín Velázquez Rivera, Daniel Juarbe Vélez, Milagros Ortiz Ramos, Alberto Hernández Roldán, Sabino Félix Pizarro y María Celia Rivera Cruz como miembros del Comité Ejecutivo de la Asamblea de Delegados de AEELA, Blanca Medina de Garau como Directora Ejecutiva Interina de AEELA, Pablo Crespo Claudio como Director Ejecutivo de AEELA, Aseguradora "X" y Personas de la "A" a la "Z", peticionarios.

*Número:* CC-2015-0066    *Resuelto:* 30 de enero de 2015

*Antonio Adrover Robles, Godwin Aldarondo Girald,* de *Aldarondo Girald Law, PSC,* y *Manuel Martínez Umpierre,* de *Martínez Umpierre-Martínez García,* abogados de la parte peticionaria.

## RESOLUCIÓN

Examinadas la Moción en Auxilio de Jurisdicción y el Recurso de *Certiorari* presentados por la parte peticionaria, *se provee "no ha lugar" a ambos.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Martínez Torres hizo constar la expresión siguiente:

> Voto conforme con proveer "no ha lugar" a la expedición del auto de *certiorari* ya que ninguno de los señalamientos de error que se discuten en el voto disidente se plantearon ante el Tribunal de Apelaciones. Por eso no debemos considerarlos.

La Juez Asociada Señora Rodríguez Rodríguez emitió un voto particular disidente, al cual se unieron el Juez Asociado Señor Kolthoff Caraballo, el Juez Asociado Señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez.

(*Fdo.*) Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*

**— O —**

Voto particular disidente emitido por la Juez Asociada Señora Rodríguez Rodríguez, al que se unen los Jueces Asociados Señor Kolthoff Caraballo, Señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez.

Luego de haber estudiado con detenimiento el expediente del caso de epígrafe, disiento respetuosamente del proceder de la mayoría de denegar el recurso ante nuestra consideración. Considero que el interdicto preliminar dictado en este caso por el foro primario y modificado por el Tribunal de Apelaciones es improcedente, por lo cual hubiese expedido el recurso presentado ante este Tribunal para revocar la determinación de los foros inferiores.[1]

---

[1] En cuanto al comentario suscrito por el Juez Asociado Martínez Torres, res-

De entrada, valga destacar que la demandante, la Sra. Migdalia López Gómez, esgrimió ante el foro primario una serie de causas de acción al amparo de diversos estatutos laborales —a saber, la Ley Núm. 80 de 30 de mayo de 1976, la Ley Núm. 100 de 30 de junio de 1959 y la Ley Núm. 115 de 20 de diciembre de 1991—; además, solicitó un interdicto preliminar y permanente, aduciendo una presunta violación al debido proceso de ley por parte de la peticionaria. Así, el Tribunal de Primera Instancia, celebrada una vista para la dilucidación de la solicitud de interdicto preliminar, dispuso de ésta mediante una sentencia parcial, en la que, expone, sin ambages, que "[e]n esta etapa de los procedimientos [...] la etapa de la causa de acción interdictal, la controversia planteada es si la demandante tiene derecho a una orden de *injunction* preliminar, que disponga para su reinstalación al puesto que ocupaba al momento de su despido". Sentencia Parcial, Parte 2, Apéndice del Recurso del *certiorari*, pág. 628.

Sin embargo, al examinar la sentencia parcial en cuestión, resulta evidente que ésta hizo *mucho más* que meramente conceder un interdicto preliminar, el cual de todas formas es improcedente. Esto es, la sentencia parcial dictada adjudicó los méritos de la causa de acción al amparo de la Ley Núm. 80 y, además, concedió remedios que no corresponden en Derecho, dado los estatutos laborales en los cuales se amparó la señora López Gómez. Ello es evidente cuando, al analizar los criterios que rigen la expedición de interdictos preliminares según la Regla 57 de Procedimiento Civil, 32 LPRA Ap. V, el propio foro primario

---

pecto a que los señalamientos de error discutidos en este voto particular disidente no fueron planteados ante el Tribunal de Apelaciones, baste con señalar el primer señalamiento de error presentado ante el foro apelativo intermedio: "Erró el Honorable Tribunal [de Primera Instancia] al conceder el remedio de Injunction Preliminar sin estar presentes los requisito[s] legales". Apelación, Parte 1, Apéndice del Recurso del *certiorari*, pág. 2. Véase, también, Moción solicitando reconsideración de la sentencia emitida el 30 de septiembre de 2014, Parte 3, Apéndice del Recurso del *certiorari*, págs. 1072–1075. Asimismo, es preciso destacar que la discusión cabal de dicho señalamiento de error requiere auscultar las diversas causas de acción y los daños esgrimidos por la demandante con tal de apreciar si, en efecto, existe un remedio adecuado en ley, lo cual constituye un requisito *indispensable* para la concesión de un "*injunction*" *preliminar.*

reconoce que "[l]o que restaría por determinarse al sustanciarse las acciones mediante el curso procesal ordinario, es si el despido fue discriminatorio o por represalias, o si, por el contrario, este no obedeció a represalias o acto discriminatorio alguno". Parte 2, Apéndice del Recurso del *certiorari*, pág. 664. Nótese, por otra parte, que la sentencia del Tribunal de Apelaciones que modifica, y así confirma, el dictamen del foro primario se limita a "revocar las determinaciones de hecho y derecho sobre la ilegalidad del nombramiento del Director Ejecutivo y de los miembros del Comité Ejecutivo [...]". Sentencia, Parte 3, Apéndice del Recurso del *certiorari*, pág. 1024. Esto es, no altera la determinación de que el despido fue injustificado[2] y que lo que resta por dilucidar son las causas de acción invocadas al palio de los demás estatutos laborales. Este proceder, como cuestión de principio, desvirtúa la naturaleza liminar de los interdictos preliminares y, a la vez, contraviene el carácter propiamente extraordinario de dicho recurso, puesto que, a todas luces, existen remedios adecuados en ley que le permiten a la señora López Gómez vindicar sus derechos adecuadamente.

Por otro lado, es menester señalar que el foro primario emitió su determinación a través del mecanismo de sentencia parcial que regula la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V. En consecuencia, incluyó en su determinación el apercibimiento que dicha regla exige y, además, ordenó que la sentencia parcial se registrara en autos como tal.[3] Así, es indispensable que este Tribunal sopese adecuadamente las consecuencias ulteriores que tal proceder

---

[2] "Los hechos de este caso demuestran que la demandada incumplió con el contrato de trabajo y con el deber que este le imponía de garantizar un debido proceso de ley a la demandante. Simple y llanamente, la demandada obvió su propia reglamentación y optó por *despedir* sumariamente a la demandante, *sin articular una justa causa* y sin llevar a cabo el proceso dispuesto en su Reglamento y Manual Gerencial". (Énfasis suplido). Sentencia parcial, Parte 2, Apéndice del Recurso del *certiorari*, pág. 656.

[3] Nótese que el Tribunal de Apelaciones atendió el recurso como una *apelación*. Sentencia, Parte 3, Apéndice del Recurso del *certiorari*, pág. 1011.

podría acarrear, puesto que, como se dijo, el foro primario, en efecto, está dilucidando una controversia puntual que bien podría repercutir colateralmente en la adjudicación de las controversias restantes.([4])

Como se sabe, la "concesión o denegación [de un *injunction*] exige que la parte promovente demuestre la ausencia de un remedio adecuado en ley". (Citas omitidas). *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, 173 DPR 304, 319 (2008). En este caso, empero, es evidente que existe un remedio adecuado en ley, a saber: la Ley Núm. 80, que, en calidad de remedio exclusivo, resarce al empleado cuando éste ha sido despedido injustificadamente. Véase *C.O.P.R. v. S.P.U.*, 181 DPR 299, 337–338 (2011).([5]) Dicho estatuto, en sus secciones pertinentes, no provee, como remedio para un despido injustificado, la reinstalación en el empleo, salvo que el despido en sí mismo sea producto de

---

([4]) "[L]a Regla 42.3 requiere una certificación expresa del TPI de que no existe razón para posponer dictar sentencia hasta la resolución final del pleito. En adición, se requiere una orden expresa para que se registre dicho dictamen y se notifique a las partes del pleito de su derecho a apelar. Esta certificación obliga a la parte perdidosa, si lo juzga precedente [sic], a iniciar la apelación contra esa sentencia para impedir que advenga final y firme. Una vez se dicta una sentencia parcial a tenor con lo dispuesto en esta Regla 42.3 cumpliendo con los requisitos indicados, se convierte en una sentencia parcial final y empiezan a transcurrir los términos para los recursos posteriores a la sentencia". J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1252. Cf. íd., pág. 1250 ("El hecho de que el Tribunal exprese que no existe razón para posponer dictar sentencia y ordena su registro, no convierte una determinación interlocutoria en una sentencia parcial"). En este caso, sin embargo, el foro primario no se limitó a emitir una determinación interlocutoria, como ya se dijo, sino que emitió una determinación final en cuanto a los méritos del despido y, además, concedió remedios, si bien improcedentes, en función de ellos. La posterior modificación de tal dictamen por parte del Tribunal de Apelaciones no surtió efectos significativos sobre lo anterior.

([5]) "No obstante, existen tres excepciones a la norma del remedio único de la mesada, a saber: (1) los remedios adicionales conferidos por conducta torticera del patrono, ajena a la mera violación de una disposición de las leyes del trabajo (*Rivera v. Security Nat. Life Ins. Co.*, [106 DPR 517, 527 (1977)]); (2) los remedios adicionales provistos por leyes especiales (*Vélez Rodríguez v. Pueblo Int'l, Inc.*, [135 DPR 500, 511 (1994)]), y (3) los remedios adicionales concedidos por un despido cuyo propósito e intención principal sea subvertir una clara política pública del Estado o algún derecho constitucional (*Soc. de Gananciales v. Royal Bank de P.R.*, 145 DPR 178, 192 (1998); *Porto y Siurano v. Bentley P.R., Inc.*, 132 DPR 331, 342 (1992); *Arroyo v. Rattan Specialties, Inc.*, 117 DPR 35, 65 (1986)). De no establecer satisfactoriamente alguna de las tres excepciones indicadas, el empleado solo será acreedor al pago mínimo de la mesada".

238

represalias. 29 LPRA sec. 185b. En el caso que nos ocupa, aun presumiendo que la adjudicación fáctica del foro primario al emitir el interdicto preliminar fue conforme a Derecho, dicho foro estaba inhabilitado para conceder los remedios que concedió, debido a que expresamente fundamentó su proceder en la violación de las disposiciones reglamentarias de índole contractual[6] convenidas entre las partes. Ello, ciertamente, conforme a la jurisprudencia de este Tribunal, configura un despido injustificado, resarcible al amparo de la Ley Núm. 80; no un supuesto en virtud del cual emitir un interdicto preliminar. Véase *Santiago v. Kodak Caribbean, Ltd.*, 129 DPR 763, 775–776 (1992).[7] Es importante no perder de vista que, por ejemplo, en caso de que la señora López Gómez prevaleciera en su causa de acción al amparo de la Ley Núm. 115, entonces sí procedería su reinstalación en su puesto de empleo. Esto, por imperativo expreso del estatuto laboral concernido y no en virtud de la utilización impropia de un recurso extraordinario. 29 LPRA sec. 194a(b).

Por otra parte, este tribunal ha "enfatizado la necesidad de que la parte promovente demuestre la existencia de un daño irreparable 'que no pued[a] ser adecuadamente satisfecho mediante la utilización de remedios legales disponibles' ". (Citas omitidas). *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, supra, págs. 319–320.[8] Está claro que la Ley Núm.

---

[6] Véase *Amador v. Conc. Igl. Univ. de Jesucristo*, 150 DPR 571, 582 (2000).

[7] "El manual de una empresa que contiene las reglas y los reglamentos del trabajo y que establece las normas, los beneficios y los privilegios que disfrutará el empleado forman parte del contrato de trabajo. Como regla general, un patrón de incumplimiento de estas normas o reglas podría dar lugar a un despido justificado. Sin embargo, la ausencia de razonabilidad de estas normas podría convertir el despido en uno caprichoso o arbitrario y, por lo tanto, injustificado. De otra parte, los beneficios y privilegios allí establecidos constituyen derechos del empleado y un despido en violación a éstos también resultaría en un despido injustificado". Véanse, también: *Albino v. Ángel Martínez, Inc.*, 171 DPR 457, 478 (2007); *Rivera v. Pan Pepín*, 161 DPR 681, 694 esc. 12 (2004).

[8] "Por su naturaleza, es de carácter discrecional y se exige que se demuestre que no existe un remedio adecuado en ley, tales como aquellos que puedan otorgarse en una acción de daños y perjuicios, en una criminal o cualquier otra disponible. Mientras exista remedio alguno eficaz, completo y adecuado en ley, no se considera el

80, así como los múltiples estatutos laborales que operan en nuestro ordenamiento, constituyen un remedio adecuado en aras de reparar el daño a cuya vindicación propenden. Más aún, habida cuenta de que la sentencia recurrida dispone para el desembolso de partidas dinerarias, es inevitable concluir que el daño es plenamente reparable.

Asimismo, la vista celebrada para la expedición de dicho recurso extraordinario no satisface las exigencias de una vista en los méritos, en la cual oportunamente se puedan dilucidar las controversias en cuestión. No es posible abstraernos de la realidad de que en dicha vista se dilucidó la procedencia de un remedio que, en Derecho, es impropio. Entre otros particulares, nótese que el estándar probatorio entre una vista de interdicto preliminar y una vista en su fondo, relacionada a una causa de acción debidamente establecida en Derecho, es distinto.[9]

Por todo lo anterior, proveería *ha lugar* en cuanto a la moción en auxilio de jurisdicción y expediría el auto de *certiorari* presentado oportunamente ante este Tribunal con tal de revocar la determinación del foro apelativo intermedio.

---

daño como irreparable, por lo que no procederá conceder el *injunction*. El daño irreparable es aquél que no puede ser adecuadamente satisfecho mediante la utilización de los remedios legales. En dichos casos, procede el *injunction*". Cuevas Segarra, *op. cit.*, T. V, pág. 1679.

[9] Cf. Cuevas Segarra, *op. cit.*, T. V, pág. 1682.